IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

ALFONZA SPEARS,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D13-4123

Opinion filed December 3, 2014.

An appeal from the Circuit Court for Leon County.
Jackie L. Fulford, Judge.

Nancy A. Daniels, Public Defender, and Pamela D. Presnell, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Jay Kubica, Assistant Attorney General, Tallahassee, for Appellee.

PER CURIAM.

In this direct appeal from appellant's convictions and sentences for battery on a law enforcement officer, resisting an officer without violence, depriving an officer of a means of protection or communication, and battery, we conclude the trial court did not abuse its discretion in denying appellant's requested jury

instruction on the charge of depriving an officer of a means of protection or communication. Furthermore, because the jury was not instructed that depriving an officer of a means of protection or communication was a strict liability crime, we do not address appellant's claim, which was raised for the first time on appeal, that section 843.025, Florida Statutes (2011), violates due process. Finally, although appellant "opened the door" to specific questions about his prior record when he testified that he never hit a police officer in his life, we conclude the trial court abused its discretion in allowing the prosecutor to question him about a 1973 offense, which did not involve a law enforcement officer, and a 1994 offense involving aggravated battery on a law enforcement officer where appellant denied being convicted of that offense and the state's only evidence was a rap sheet entry. Contrary to the state's assertion, we find this claim was preserved for appeal and that the error was not harmless beyond a reasonable doubt. Accordingly, we reverse and remand for a new trial.

AFFIRMED in part; REVERSED in part; and REMANDED for new trial.

PADOVANO, WETHERELL, and SWANSON, JJ., CONCUR.